UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR AMERICAN HOME MORTGAGE ASSET TRUST 2006-6,<br><br>Plaintiff,<br><br>v.<br><br>ALEX ANDRUKOV, et al.,<br><br>Defendants. | CASE NO. C16-1871JLR<br><br>ORDER GRANTING MOTION TO REMAND |

## I.  INTRODUCTION

Before the court is Plaintiff Deutsche Bank National Trust Company, Trustee for American Home Mortgage Asset Trust 2006-6's ("Deutsche Bank") unopposed motion to remand.  (Mot. (Dkt. # 6).)  The court has considered the motion, the balance of the

ORDER - 1

1  record, and the applicable law. Being fully advised, the court GRANTS Deutsche Bank's
2  motion to remand and REMANDS this case to Whatcom County Superior Court.

## II.  BACKGROUND

On September 7, 2016, Deutsche Bank initiated an action in Whatcom County Superior Court for unlawful detainer against Defendants Alex Andrukov, Tanya Andrukov, and "all other occupants," (collectively "the Andrukovs") of the property located at 1253 St. Paul Street, Bellingham, WA 98229. (Compl. (Dkt. # 1-1).) Deutsche Bank alleges that it purchased the property in dispute at a trustee's foreclosure sale on April 22, 2016, and the Andrukovs were served with a notice to vacate on May 27, 2016. (Compl. ¶¶ iv-v.) Deutsche Bank further alleges that the Andrukovs have not vacated the property. (*Id.*) The disputed property is located in Whatcom County. (*Id.* ¶ iii.)

On December 7, 2016, the Andrukovs, proceeding *pro se*, filed a notice of removal of Deutsche Bank's action. (*See* Notice (Dkt. # 1).) The Andrukovs also filed an application to proceed *in forma pauperis* ("IFP"). (IFP Mot. (Dkt. # 2).) On December 16, 2016, Deutsche Bank moved to remand this case back to Whatcom County Superior Court. (*See* Mot.) The Andrukovs failed to respond to Deutsche Bank's motion. (*See generally* Dkt.)

On December 12, 2016, Magistrate Judge Brian A. Tsuchida ordered the Andrukovs to cure certain deficiencies in their IFP application. (1st Order (Dkt. # 4).) Magistrate Judge Tsuchida noted that the IFP application was deficient "because only Ms. Andrukov [had] completed and signed it" and to be eligible for IFP status, each defendant needed to file a completed IFP application. (*Id.* at 1 (citing Local Rules W.D.

1  Wash. LCR 3(b)) (noting that Alex Andrukov, Denis Kristal, and "other unknown

2  occupants" were also listed as Defendants).) Accordingly, Magistrate Judge Tsuchida

3  ordered that all defendants seeking IFP status complete and return separate IFP

4  applications, or pay the filing fee, by January 6, 2017. (*Id.* at 2.)

5        The Andrukovs failed to cure their IFP application deficiencies by the date

6  specified in Magistrate Judge Tsuchida's order. (*See generally* Dkt.; *see also* R&R (Dkt.

7  # 8) at 1.) On January 9, 2017, Magistrate Judge Tsuchida recommended that, if no

8  objections were received by January 23, 2017, and no filing fee was paid within 30 days

9  of the order, the court should deny Ms. Andrukov's IFP application and close the file.

10 (Proposed Order (Dkt. # 8-1) at 1.) This court adopted Judge Tsuchida's report and

11 recommendation on January 30, 2017.[1] (2d Order.)

12       The court now considers Deutsche Bank's motion to remand this action to state

13 court.

## III.   ANALYSIS

15 Deutsche Bank moves to remand the suit because the court lacks subject matter

16 jurisdiction. (Mot. ¶¶ 2-3.) Deutsche Bank argues that the complaint does not invoke

17 federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28

18 U.S.C. § 1332. (*Id.* ¶¶ 2-3.) Deutsche Bank claims the Andrukovs have not asserted any

19 facts that demonstrate a violation of federal law or the federal Constitution, and the

---

[1] The court previously adopted Magistrate Judge Tsuchida's report and recommendation, and stated that the Clerk would close this file if the Andrukovs did not pay their filing fee within 30 days of the date of the order. (2d Order (Dkt. # 9).) This order supersedes the portion of that order directing the Clerk to close the file.

dispute does not meet the amount in controversy requirement for diversity jurisdiction.[2] (*Id.* ¶¶ 2-3.)

The Andrukovs removed pursuant to (1) 28 U.S.C. § 1331, alleging violations of the Fourth and Fourteenth Amendments, the Fair Housing Act, and the Americans with Disabilities Act, and (2) 28 U.S.C. § 1332, alleging complete diversity and an amount in controversy exceeding $75,000.00 (Notice at 2.) The Andrukovs claim that removal is proper under 28 U.S.C. § 1332 because they are Washington residents, whereas Deutsche Bank is headquartered in New York. (*Id.* at 2-3.)

A defendant may remove an action filed in state court when the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The subject matter jurisdiction of federal courts is limited by 28 U.S.C. §§ 1331-32. Courts strictly construe these statutes against removal. *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether an action arises under the Constitution, laws, or treaties of the United States is

---

[2] Deutsche Bank further argues that under Washington state law its action was properly filed in the Whatcom County Superior Court. (Mot. ¶¶ 2-3 (citing RCW 4.12.010; RCW 59.12.050).) Deutsche Bank contends that counterclaims may not be asserted in an unlawful detainer action and once a trustee's sale is final, the remedies of a borrower who failed to enjoin the non-judicial foreclosure are limited to (a) common law fraud, (b) a violation of title 19 of the Revised Code of Washington, and (c) a failure of the trustee to materially comply with the Deed of Trust Act. (*Id.* ¶¶ 6-7 (citing *Garant v. Keasler*, 663 P.2d 830 (Wash. 1983); RCW 61.24.127(1)(a)-(c)).)

1  "determined from what necessarily appears in the plaintiff's statement of his own claim
2  in the bill or declaration, unaided by anything alleged in anticipation of avoidance of
3  defenses which it is thought the defendant may interpose." *Aetna Health Inc. v. Davila*,
4  542 U.S. 200, 207 (2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). The
5  federal question must be disclosed on the face of the complaint and may not be aided by
6  the answer or the petition for removal. *Int'l Union of Operating Eng'rs v. Cty. of*
7  *Plumas*, 559 F.3d 1041, 1044 (9th Cir. 2009) (quoting *Gully v. First Nat'l Bank*, 299 U.S.
8  109, 113 (1936)).

9        The Andrukovs have failed to demonstrate that this action "aris[es] under the
10  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although the
11  Andrukovs allege violations of the Fourth and Fourteenth Amendments, the Fair Housing
12  Act, and the Americans with Disabilities Act (Notice at 2), Deutsche Bank does not raise
13  any of these violations in its complaint (*see generally* Compl.). Because a federal
14  question must be disclosed on the face of the complaint and may not be aided by the
15  answer or the petition for removal, the Andrukovs' allegations are insufficient to remove
16  this case to federal court under 28 U.S.C. § 1331. (*See generally* Compl.); *see also Aetna*
17  *Health*, 542 U.S. at 207 (quoting *Taylor*, 234 U.S. at 75-76); *Gully*, 299 U.S. at 113.

18      **B. Diversity Jurisdiction**

19        Where an action does not arise under the Constitution, laws, or treaties of the
20  United States, a federal district court may still have jurisdiction if the amount in
21  controversy exceeds $75,000.00 and the action is between citizens of different states. 28
22  U.S.C. § 1332(a). If the amount in controversy is unclear on removal, "the defendant

bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (holding that the amount in controversy requirement was not met on removal where the defendant "offered no facts whatsoever to support the court's exercise of jurisdiction" and simply alleged that the amount in controversy was sufficient).

As in *Gaus*, the Andrukovs have failed to meet their burden of establishing that the amount in controversy exceeds $75,000.00. Although the Andrukovs allege in their notice of removal that the amount in controversy exceeds $75,000.00 (Notice at 2), they do not provide any facts to support this amount (*see generally id.*). Deutsche Bank asserts in its motion to remand that the amount in controversy is $0.00 (Mot. at 2), but its complaint requests "the amount of any accrued rent or other charges owing, and for such other relief as the court finds to be just and equitable." (Compl. ¶ vi.) Nevertheless, there is no evidence or factual allegations from which the court could infer that the incurred rent or other charges requested by Deutsche Bank exceed $75,000.00. The burden rests on the Andrukovs to provide facts supporting an amount in controversy exceeding $75,000.00 in order to satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332. *See Gaus*, 980 F.2d at 567. The Andrukovs have failed to do so.[3] (*See generally* Dkt.)

---

[3] A defendant may not remove a case on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). The Andrukovs are Washington state residents and are thus barred from removing a case brought in Washington state court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). Deutsche Bank, however, did not raise this issue in its motion (*see generally* Mot.) and the Ninth Circuit has held that "the forum defendant rule is procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's *sua sponte* remand order." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

1     Because the Andrukovs have not demonstrated federal question jurisdiction under 28 U.S.C § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, the court lacks subject matter jurisdiction over Deutsche Bank's unlawful detainer action and remands the case to Whatcom County Superior Court.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Deutsche Bank's motion (Dkt. # 6) and ORDERS as follows:

(1) All further proceedings in this case are REMANDED to Whatcom County Superior Court in the State of Washington;

(2) Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for Whatcom County Superior Court;

(3) The Clerk shall also transmit the record herein to the Clerk for the Whatcom County Superior Court;

(4) The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

(5) The Clerk shall CLOSE this case.

Dated this 3RD day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 7